UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| LEONARD MEDINA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Civ. No. CC-06-541 |
| | § | |
| SERVICE AMERICA | § | |
| CORPORATION | § | |

## MEMORANDUM OPINION

Pending before the Court is defendant's Motion for Summary Judgment. (D.E. 27). Plaintiff has withdrawn his claims of discrimination based on national origin, intentional infliction of emotional distress and failure to train and supervise. Consequently, only plaintiff's sexual harassment claim remains. Because there exists no genuine issue of material fact regarding this remaining claim, the Court GRANTS Defendant's Motion for Summary Judgment. (D.E. 27).

*Factual Background*

Plaintiff worked for defendant, Service America Corporation (SAC), from November 2004 until June 2005. He alleges that his supervisor, Brian Campbell, repeatedly pinched his breast and made sexually explicit comments to him and in his presence.

SAC's corporate policies explicitly prohibit sexual harassment. The company's policy is printed in the employee handbook, which plaintiff received. Plaintiff signed an acknowledgement form affirming that he had read and

understood the policies. The policy states that employees should report sexual harassment to a supervisor, to corporate human resources or to a hotline maintained by the corporation.

It is undisputed that plaintiff never utilized any of these procedures to report the alleged harassment. Plaintiff asserts that he never read his employee handbook and was therefore unaware of the procedures and of the hotline, although in May of 2005 plaintiff's wife called the hotline regarding an unrelated matter.

Though plaintiff did not report the alleged harassment, another worker reported plaintiff's allegations to the company's general manager, Michael Baker. This worker, Brian Hernandez, stated that plaintiff had contacted him and offered him money to corroborate his assertions of sexual harassment. Plaintiff denies bribing Mr. Hernandez. In early June, Mr. Baker approached plaintiff for information, but plaintiff refused to provide specifics about any incidents of harassment or names of any witnesses. Mr. Baker then interviewed the alleged harasser, Mr. Campbell, who denied the harassment, and another employee, Bryan Anderson, who denied knowledge of any harassment on Mr. Campbell's part.

Plaintiff never returned to work after his meeting with Mr. Campbell. On June 13, plaintiff wrote a letter stating his intent not to return to work until the issue was resolved. Shortly thereafter, corporate human resources representatives interviewed plaintiff by phone. He again refused to divulge details of the alleged harassment or to name witnesses. After this call, the representatives from SAC

repeatedly attempted to schedule plaintiff for work shifts involving no contact with the alleged harasser, but they could not reach him. Plaintiff testified that he would have declined these shifts.

*Applicable Law*

Summary judgment is appropriate when the movant can demonstrate that the pleadings, depositions, affidavits, and other evidence available to the court establish no genuine issue of material fact. FED. R. CIV. P. 56(c). The evidence must be viewed in a light most favorable to the nonmovant. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). For a defendant to obtain summary judgment on an affirmative defense, it must establish each of the defense's essential elements beyond genuine dispute. *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).

Plaintiff alleges sexual harassment in violation of Title VII and Texas Labor Code §21.051.[1] Two types of sexual harassment claims are cognizable under Title VII—"quid pro quo" claims and "hostile work environment" claims. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). Plaintiff stipulates that he brings a hostile work environment claim, not a quid pro quo claim. In hostile work environment cases, courts examine whether the alleged harassment was "sufficiently severe or pervasive" to affect the terms or conditions of employment. *Meritor Sav. Bank, FSB v. Vinson*, 106 S.Ct. 2399, 2405 (1986). If

---

[1] The Texas provision is the state corollary to Title VII and courts look to analogous federal precedent for interpretation. *Greathouse v. Alvin Indep. Sch. Dist.*, 17 S.W.3d 419, 423 (Tex.App.—Houston [1st Dist.] 2000, no pet.). Same-sex sexual harassment is actionable under both Title VII and the Texas Labor Code. *Oncale v. Sundowner Offshore Serv.*, 523 U.S. 75, 82 (1998); *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398 (Tex. App.—El Paso 2002, pet. denied).

the conduct was "severe and pervasive," the employer is vicariously liable for the sexual harassment. *Wyatt*, 297 F.3d 405, 409. The employer can defeat vicarious liability by establishing the *Ellerth/Faragher* affirmative defense. *Id.* This defense requires a two-prong showing: (1) that the employer exercised reasonable care to prevent and correct promptly any sexual harassment, and (2) that the complaining employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. *Id.*[2]

### *Plaintiff's Sexual Harassment Claim*

The material issue of whether the alleged harassment occurred certainly remains. The Court finds that the alleged pinching and graphic language, if it occurred, was sufficiently severe to alter a term of plaintiff's employment, creating a hostile work environment. However, the Court finds that defendant has established both prongs of the *Ellerth/Faragher* defense beyond genuine dispute, thereby defeating vicarious liability.

Defendant SAC established a sexual harassment policy that provided three avenues of complaint, including a toll-free hotline. The company informed its employees about the policy in the handbook, which plaintiff received, as well as through trainings. *See Casiano v. AT&T Corp.*, 213 F.3d 278, 286 (5th Cir. 2000) (company exercised reasonable care in preventing harassment by publishing harassment policy in Personnel Guide, encouraging reporting and providing training). Furthermore, when defendant became aware of the allegations (through

---

[2] The *Ellerth/Faragher* affirmative defense is equally available in actions under Texas Labor Code §21.051. *Wal-Mart Stores, Inc. v. Itz*, 21 S.W.3d 456, 472 (Tex. App. –Austin, 2000, pet. denied).

a third party, not through plaintiff's report), Mr. Baker immediately arranged interviews with plaintiff, the alleged harasser and another employee. Plaintiff refused to assist the investigation by providing names of potential witnesses or details of the alleged harassment. Representatives from human resources also requested information from plaintiff and he refused to assist the investigation. Finally, the company attempted to arrange work schedules that would separate plaintiff from the alleged harasser. *Thompson v. Naphcare, Inc*., 117 Fed.Appx. 317, 324, 2004 WL 2554866, *5 (5th Cir. 2004) (immediate investigation of harassment complaint and separation of the alleged harasser constituted reasonable remedial action). Thus, the defendant exercised reasonable care both in its efforts to prevent sexual harassment and to address plaintiff's particular complaints.

The Court further finds that plaintiff unreasonably failed to take advantage of the available preventative and corrective opportunities provided by the employer. It is undisputed that plaintiff never reported the alleged harassment. Though he asserts that he never read his employee handbook, his sworn testimony establishes that that company provided him the information to keep. Plaintiff states that he was unaware of the sexual harassment hotline, but he presumably became aware of the number in May when his wife used it. Nonetheless, he still failed to call and report the alleged harassment. *See Wyatt*, 297 F.3d 405, 410 (employee's failure to report harassment according to company policy was unreasonable and resulted in no vicarious liability for the employer). *See also, Burlington Indus., Inc. v. Ellerth*, 118 S.Ct. 2257 (1998) ("[A] demonstration of such failure [to use

5

company complaint procedures] will normally satisfy the employer's burden under the second element of the defense.").

When the company approached *him* about the complaints, plaintiff refused to cooperate in the investigation. By withholding all of the relevant information, plaintiff prevented the defendant from more fully investigating and responding to the complaint. *Compare Scrivner v. Socorro Independent School Dist.*, 169 F.3d 969, 972 (5th Cir. 1999) (By failing to provide accurate information, employee "thwarted the purposes of Title VII" and frustrated employer's efforts to remedy misconduct). Instead, plaintiff simply resigned. Thus, the court finds that the second prong of the *Ellerth/Faragher* defense has been established. *See Thompson*, 117 Fed.Appx. 317, 324, 2004 WL 2554866, *5 (5th Cir. 2004) ("[B]y waiting almost two months to register her complaints and then resigning almost immediately after [defendant's] prompt investigation and remedial actions, [plaintiff] can not be said to have acted reasonably.).

The Court finds that there is no genuine factual dispute regarding either element of Service America Corporation's affirmative defense. They have demonstrated that they cannot be found vicariously liable for the alleged harassment of plaintiff. Accordingly, the Court GRANTS the defendant's Motion for Summary Judgment. (D.E. 27).

Ordered this 3rd day of December, 2007.

*/s/ Hayden Head*

HAYDEN HEAD
CHIEF JUDGE